IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LUDGATE INVESTMENTS, LLC. | ) | Case No. 11-32402-HCM |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| PRONTO MORTGAGE, LLC | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LUDGATE INVESTMENTS, LLC, | ) | |
| ALICIA ROJAS-JAYME, and | ) | |
| EDUARDO PARRA, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO OBTAIN RELIEF FROM AUTOMATIC
## STAY AGAINST PROPERTY

**TO THE HON. H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, PRONTO MORTGAGE, LLC ("Movant") by and through the undersigned attorney, and files this Motion to Obtain Relief from Automatic Stay Against Property in the above-styled and numbered cause pursuant to 11 U.S.C. §362(d)(4)(B). Movant would respectfully show the Court as follows:

1. Ludgate Investments, LLC, Debtor and Debtor in Possession herein, filed for relief under Chapter 11 of the Bankruptcy Code on December 5, 2011.

2. The Debtor is indebted to Movant pursuant to a Promissory Note executed December 23, 2010, in the original amount of ONE HUNDRED SIXTY-NINE THOUSAND SEVEN HUNDRED AND NO/100THS DOLLARS ($169,700.00) with interest thereon at the rate of 12.5% per annum.

A copy of the Note is attached hereto as Exhibit A and incorporated herein for all purposes.

3.  The obligation of Debtor to pay the indebtedness is secured by a Deed of Trust dated December 23, 2010, on the real property with all improvements known as:

> Tract 49 of RANGERS REST No. 2, an addition to El Paso County, Texas, according to the plat thereof recorded in Volume 15, Page 59, of the Plat Records of El Paso County, Texas, and Tract 3N2, Block 55, YSLETA GRANT, an addition to the City of El Paso, El Paso County, Texas, according to the map made for tax purposes on file at the Central Appraisal District, commonly known as 1141 Ranger.

A copy of the Deed of Trust is attached hereto as Exhibit B and incorporated herein for all purposes.

4.  The Debtor is further indebted to Movant pursuant to a Promissory Note executed December 29, 2010, in the original amount of ONE HUNDRED FIFTY-FIVE THOUSAND  AND NO/100THS DOLLARS ($155,000.00) with interest thereon at the rate of 12.5% per annum.  A copy of the Note is attached hereto as Exhibit C and incorporated herein for all purposes.

5.  The obligation of Debtor to pay the indebtedness is secured by a Deed of Trust dated December 29, 2010, on the real property with all improvements known as:

> Lot 8, Block 1, SUN RIDGE SUBDIVISION UNIT 1, an addition to the City of El Paso, El Paso County, Texas, according to the plat thereof on file in Volume 69, Page 4, Real Property Records of El Paso County, Texas, commonly known as 12400 Sun Willow.

A copy of the Deed of Trust is attached hereto as Exhibit D and incorporated herein for all purposes.

6.  Movant would show that the Debtor failed to make any payments on the properties after the notes were executed.  The properties were posted for foreclosure an April 5, 2011, foreclosure. On the morning of April 5, 2011, prior to the foreclosure, the Debtor filed pro se for relief under Chapter 11 of the Bankruptcy Code under Case No. 11-30654.  On April 6, 2011, the United States Trustee filed a Motion to Dismiss on the grounds that the Debtor filed pro se which is prohibited by the Bankruptcy Code.  An order dismissing the case was entered May 3, 2011.

7.  On May 13, 2011, Movant again accelerated the note and the property was posted for a

foreclosure sale to be held on June 6, 2011.  Prior to the foreclosure sale, the parties entered into Reinstatement Agreements whereby the Debtor agreed to pay $11,720.80 in exchange for Movant to delay the foreclosure to July 5, 2011.  The parties agreed that the funds would be applied towards the amounts owed on the Ranger property and the Sun Willow property would remain in default. It was agreed that Movant would post both the properties for foreclosure on July 5, 2011 and the Debtor would have until noon on Thursday, June 9, 2011, to cure the balance of the delinquencies or the foreclosures would go forward.  Copies of the Reinstatement Agreements are attached hereto as Exhibits E and F and incorporated herein for all purposes.

8.  The Debtor failed to pay the delinquent amount by the time specified in the Reinstatement Agreements.  On July 5, 2011, prior to the foreclosure, Alicia Rojas-Jayme, managing partner of the Debtor, filed a pro se proceeding for relief under Chapter 13 of the Bankruptcy Code.  On August 9, 2011, the case was summarily dismissed for failure to file the Schedules and Statement of Affairs as required by the Bankruptcy Code.

9.  No payments on either of the properties was made prior to or after the payment provided for in the Reinstatement Agreement.

10.  Movant again posted the properties for foreclosure.  On December 5, 2011, immediately prior to the foreclosure sale, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. This is the third (3rd) filing within eight (8) months with respect to these two properties.

11.  Movant believes there may be other liens on the properties for unpaid taxes and a mechanic's lien on Sun Willow based on the Schedules of the Debtor.

12.  Based upon the Central Appraisal District values, Movant believes the value of the Sun Willow property is $222,195.00 and the Ranger property is $256,152.00.

13.  Movant requests that the court terminate the automatic stay pursuant to 11 U.S.C.

§362(d)(4)(B).  Debtor and/or its managing partner have filed multiple bankruptcy filings, all within less than a year, which affect the real property.   Movant would show that this repetitious filing is a scheme by the Debtor and its managing partner to delay, hinder, and defraud Movant.  As such, Movant would request that the order lifting the stay be binding in any other case filed under Title 11 of the Bankruptcy Code for a period of two (2) years.

WHEREFORE, PREMISES CONSIDERED, Pronto Mortgage LLC, Movant, prays that this Court enter an order after notice and hearing terminating the automatic stay as to Movant pursuant to 11 U.S.C. §362(d)(4)(B), award reasonable attorney fees and costs to Movant, and that Movant be granted such other and further relief as is just.

DATED this 9th day of December, 2011.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF CHERYL S. DAVIS, PC
Attorneys for Movant
1522 Montana Avenue, Suite 103
El Paso, Texas 79902
(915) 565-9000
(915) 565-9191 (fax)


By:_____/s/_____
    CHERYL S. DAVIS
    SBN: 24002456

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copy of the foregoing was mailed to Ludgate Investments, Inc., Ms. Alicia Jayme-Rojas, and Mr. Eduardo Parra, 105 Thoroughbred Ct., Santa Teresa, NM 88008; Arco Construction, 8925 Lockheed, Suite 131, El Paso, TX 79925; El Paso Tax Assessor-Collector, 2 Civic Center Plaza, RM 123A, El Paso, TX 79901; and sent via the Court's electronic mail to Mr. Omar Maynez  and the United States Trustee on the 9th day of December, 2011.


_____/s/_____
CHERYL S. DAVIS